PEOPLE ex rel. LEVERING & GARRIGUES COMPANY, Relator, *v.* JOHN P. LEO et al., Defendants.

(Supreme Court, New York Special Term, June, 1920.)

Certiorari — when motion for a restraining order denied — board of appeals — Labor Law, § 20 — Building Code, city of New York, § 195.

> Where the board of appeals by a vote of four to three has decided that the superintendent of buildings in making an order commanding relator to cease the erection of steel frames upon a building in the course of construction, beyond three stories in advance of that part of the steel frame in which concrete filled arches had been placed, has acted wisely and within his discretion, a motion for a restraining order in a certiorari proceeding to review the decision of the board of appeals will be denied. Labor Law, § 20; Building Code, city of New York, § 195.

CERTIORARI proceedings.

William H. Good, for relator.

John P. O'Brien, corporation counsel, for defendant.

DONNELLY, J. This is a motion for a " restraining order " in a certiorari proceeding to review a decision of the board of appeals, which affirmed by a vote of four to three a violation order of Building Superintendent Miller, prohibiting relator from proceeding with the erection of its skeleton steel work upon the Metropolitan Life Insurance Company's Annex Build-

ing, Madison square. A writ of certiorari has been allowed, issued and served, returnable on June 15, 1920, before this court. The superintendent of buildings has been added as a party defendant to subject him to the effect of the decision, and he appears herein without objection. The relator is a steel corporation, and as subcontractor under the Fuller Construction Company, was erecting on February 7, 1920, the seventh story or tier of the sixteen-story building, and no concrete arches between the open steel floor beams had been erected below by the independent contractors whose duty it was to erect the concrete arches. At that date and down to the 10th of May, 1920, the mechanics and laborers of said independent contractors were absent from the structure on account of labor union troubles. The superintendent of buildings verbally warned the relator's officers, when the violation was filed, that if they disobeyed the violation a " stop order " would issue. The relator obeyed the order of the superintendent. The relator then wrote to the superintendent of buildings requesting information as to the respective points in which relator's steel work violated section 20 of the Labor Law, and section 195 of the Building Code, to which the superintendent replied by communication dated March 22, 1920, in part as follows: "As steel columns are ordinarily fabricated in two and three story lengths, it is my opinion that not more than three stories of steel work should be erected in advance of that part of the steel frame in which the arches have been placed. This interpretation, I think, is further borne out by the fact that the law (Labor Law, § 20) before its amendment in 1911 or 1913, specified the tiers which should be filled in as the building progresses." From this order the relator appealed under section 719 of the charter of the board of appeals. The corporation

counsel was present and appeared generally for the superintendent of buildings. The board of appeals by a vote of four to three sustained the action of the superintendent of buildings and the relator takes this proceeding to review the action of the said board. The application involves primarily the construction of section 20 of the Labor Law and section 195 of the Building Code and the relator contends that the superintendent of buildings had no power to make the order in question, which commanded the relator to cease the erection of steel frames if they are more than three stories in advance of that part of the steel frame in which concrete filled arches had been placed, nor has he power to declare it a violation of law to fail to install fireproof arches as the steel construction progresses. Section 20 of the Labor Law reads as follows: " Protection of persons employed on buildings in cities. * * * when constructing buildings in cities, where the plans and specifications require the floors to be arched between the beams thereof, or where the floors or filling in between the floors are of fire-proof material or brickwork, shall complete the flooring or filling in as the building progresses. If the plans and specifications of such buildings do not require filling in between the beams of floors with brick or fireproof material all contractors for work, in the course of construction, shall lay the underflooring thereof on each story as the building progresses." Prior to 1913, the words " shall complete the flooring or filling in as the building progresses " were followed by the words " to not less than within three tiers of beams below that on which the iron work is being erected." This latter sentence about the three tiers of beams was stricken out by the Laws of 1913, chapter 492. Section 195 of the Building Code reads as follows: " Floors to be filled in or covered over. If the floors of any build-

ing are to be of fireproof construction the floor filling shall be completed as the building progresses. If the floors consist of wood beams the under flooring, when double flooring is to be used, shall be laid on each story as the building progresses; when double floors are not to be used, the floors two stories below the story where the work is being performed shall be kept planked over. If the floor beams are of iron and steel the entire tier of iron or steel beams on which the structural iron or steel work is being erected, except such spaces as may be reasonably required for the proper construction of such iron or steel work, and for the raising or lowering of materials to be used in the construction of such building, or such spaces as may be designated by the approved plans for stairways and shafts shall be thoroughly planked over.'' It is conceded that at the time of the issuance of this order by the superintendent of buildings the relator had reached a height of seven stories, and that said building was entirely open, and at neither of the stories had the floors been filled in, as required by the sections above referred to, nor had any protection whatever been provided for the workingmen engaged in and upon said building. In construing the provisions of section 20 of the Labor Law, as amended, regard must be had to the mischief which the amendment was supposed to correct. It is apparent that the three-tier limitation was deemed too rigid, and that the legislative intent in making this amendment was to remove the limitation of the distance between the working floor and the filled in arches to any rigid or fixed distance, and to leave the regulation of such distance to the sound discretion of the superintendent of buildings, because that section must be read in connection with section 406 of the New York charter which gives the superintendent exclusive jurisdiction, subject to

and in accordance to the general rules and regulations to be established by the board of standards and appeals, of the construction, alteration and structural changes in and removal of buildings and other structures erected, or to be erected, within his borough, with power to appoint subordinate officers, including inspectors, engineers, etc., and section 411 of the charter, which gives him power, subject to the provisions of law, to pass upon any question relating to the construction and alteration of all buildings. This was the view taken by the board of appeals upon the hearing, April 27, 1920, as it is expressed by John P. Leo, chairman of said board, which is as follows: " Chairman: Gentlemen, motion before you to reverse the decision of the superintendent of buildings and to grant the appeal and set aside the stop order of the superintendent. First, before voting, I want to say that while I have sympathy with the proposition offered, and think there should be some way to permit men to go on, yet this is a matter peculiarly within the province of the superintendent of buildings. He has an inspection force, it is up to him to make daily inspections, and he is the man to judge if there is necessity for covering or not. If we make a cast iron rule, it will be a hardship to carry it out. If he, the superintendent, says it is unsafe to go higher, I think his order should be sustained. He is the one primarily responsible for it. We, without inspectors and without knowledge of conditions, could not say that the stop order is not proper.'' The commissioner must not abuse the discretion vested in him by acting capriciously or arbitrarily, and unless his action is arbitrary or capricious it should not be disturbed by injunction. I fail to find anything arbitrary or capricious in the action of the building superintendent in the instant case. As a matter of fact his discretion

Supreme Court, June, 1920. [Vol. 112.

was exercised in favor of the relator in allowing it the full three-tier limitation. An appeal may be taken under section 719 of the charter to the board of appeals from any order, requirement, decision or determination made by him, except in cases specified in the statute, which have no application to this case. It is provided under section 719, subdivision 5, that where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the law, the board of appeals shall have power in passing upon appeals to vary or modify any rule or regulation, or the provisions of any existing law or ordinance relating to the construction, structural changes in, equipment, alteration or removal of buildings, or structures of vaults and sidewalks appurtenant thereto, so that the spirit of the law shall be observed, public safety secured and substantial justice done. While it is true that this section vests the board of appeals, in certain cases, with the power to vary or modify a rule or regulation, or the provisions of the existing law or ordinance relating to the construction of buildings, still coupled with that power is the injunction that the spirit of the law shall be observed. The board of appeals has not refused jurisdiction herein, as claimed by the relator. It entertained the appeal, and had it seen fit might have modified the order by a provision for planking, under the provisions of section 195 of the Building Code, or by some other provision, and still observe the spirit of the law, which is the protection of persons employed on buildings in cities. The board, however, decided that in the instant case the superintendent of buildings, who was better equipped to handle the matter because of the facilities for inspection at his disposal, had acted wisely and within his discretion, and that it would not modify or change the same. The court should not

substitute its judgment for that of the board in the absence of legal error or abuse. I fail to find a semblance of either. The restraining order is, therefore, denied.

Ordered accordingly.